

COPY

Charles W. Grimes, Esq. (CG 0899)
Edmund J. Ferdinand, III, Esq. (EF 9885)
Russell D. Dize, Esq. (RD 4000)
GRIMES & BATTERSBY, LLP
The Chrysler Building
405 Lexington Avenue, 26th Floor
New York, NY 10174
(917) 368-8115
Attorneys for Plaintiffs, Altadis U.S.A. Inc. and
Cuban Cigar Brands, N.V.

FILED
NOV 2 4 2004
USDC WP SDNY

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**04 CIV. 9306**

-------------------------------------------------X

ALTADIS U.S.A. INC., a Delaware corporation,    :
and CUBAN CIGAR BRANDS, N.V.,
a corporation of the Netherlands Antilles,    :

          Plaintiffs,    :

          -against-    :

PARLIAMENT IMPORT COMPANY, d/b/a    :
PARLIAMENT WINE COMPANY, a
Pennsylvania corporation,    :

          Defendant.    :

-------------------------------------------------X

JUDGE McMahon

**ECF CASE**

Index No:

COMPLAINT

    Plaintiffs Altadis U.S.A. Inc. ("Altadis U.S.A.") and Cuban Cigar Brands, N.V. ("CCB")

by and through their undersigned attorneys, for their complaint against Defendant Parliament

Import Company, d/b/a Parliament Wine Company, respectfully allege as follows:

### NATURE OF ACTION

    1.    This is an action for trademark infringement, false designation of origin,

trademark dilution, unfair competition, unlawful importation of merchandise that copies or

simulates a registered trademark in violation of the Trademark Act of 1946, as amended (the

Lanham Act, 15 U.S.C. §1051, *et seq*.), trademark dilution under New York General Business Law §360-1, and unfair competition and trademark infringement under the common law of the State of New York, based on: (a) Defendant's use of the designation "Montecristo" in connection with the advertisement and promotion of wine; and (b) Defendant's importation, sale, and distribution of wine labeled with said designation. Defendant's use of designation "Montecristo" infringes Plaintiffs' rights in the registered trademark MONTECRISTO.

## THE PARTIES

2.    Plaintiff Altadis U.S.A. is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 5900 North Andrews Avenue, Fort Lauderdale, Florida 33309. Altadis U.S.A. has the exclusive license from Plaintiff CCB to use the trademarks, trade names, trade dress, service marks and brand names associated with MONTECRISTO in the United States.

3.    Plaintiff CCB is a corporation organized and existing under the laws of the Netherlands Antilles and having an office at 5900 North Andrews Avenue, Fort Lauderdale, Florida 33309.

4.    Plaintiff CCB is a wholly-owned subsidiary of Plaintiff Altadis U.S.A. Plaintiff Altadis U.S.A. is a wholly-owned subsidiary of Altadis Holdings U.S.A. Plaintiffs will be referred to herein collectively as the "Altadis U.S. Group."

5.    Defendant Parliament Import Company, d/b/a Parliament Wine Company ("Parliament") is a corporation organized and existing under the laws of the State of Pennsylvania. Upon information and belief, Parliament's principal place of business is located at 3303 Atlantic Avenue, Atlantic City, New Jersey 08401-6287.

2

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121 (actions arising under the Lanham Act), 28 U.S.C §1338(a) (acts of Congress relating to trademarks), 28 U.S.C. §1338(b) (pendant unfair competition claims) and 28 U.S.C. §1367 (supplemental jurisdiction over State claims).

7.      This Court has jurisdiction over Defendant Parliament by virtue of the fact that upon information and belief, it has: (1) transacted business within the State of New York; (2) infringed Plaintiffs' trademark within the State; and/or (3) infringed Plaintiffs' trademarks out of the State causing injury to property within the State.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this District and, upon information and belief, Defendant Parliament maintains an office at 21 N. Main Street, Port Chester, New York 10573.

## FACTS

### Plaintiff CCB's Trademarks

9.      Plaintiff CCB is the owner of:

(a)      The trademark MONTECRISTO and U.S. Trademark Registration No. 1,173,547 for the trademark MONTECRISTO for "Cigars, in Class 34" on the Principal Register. A copy of CCB's trademark registration certificate for this mark is attached to this Complaint as Exhibit A and incorporated herein by reference. Registration No. 1,173,547 is incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. §1065.

(b)      The trademark MONTE CRISTO & Crossed-Sword Design and U.S. Trademark Registration No. 332,324 for the trademark MONTE CRISTO & Crossed-Sword Design for

"Cigars, in Class 34" on the Principal Register. A Copy of CCB's trademark registration certificate for this mark is attached to this Complaint as Exhibit B and incorporated herein by reference.

(c)    The trademark MONTECRISTO and U.S. Trademark Registration No. 2,594,564 for the trademark MONTECRISTO for "Alcoholic Beverages, in Class 33" on the Principal Register. A copy of CCB's trademark registration certificate for this mark is attached to this Complaint as Exhibit C and incorporated herein by reference. (collectively, the "MONTECRISTO trademarks").

10.    Genuine MONTECRISTO cigars are manufactured in the Dominican Republic by Altadis U.S.A.'s subsidiary Tabacalera de Garcia ("TdG"), pursuant to a license granted by CCB. The cigars are imported, promoted and distributed by Plaintiff Altadis U.S.A.

11.    The MONTECRISTO trademark and trade dress were developed and first used by Plaintiff CCB's predecessor, Menendez Garcia y Compania Limitada ("M&G"), a Cuban limited liability company. Upon information and belief, M&G commenced use of the MONTECRISTO trademark in the United States at least as early as July 25, 1935 in connection with premium cigars and used the MONTECRISTO trade dress in the United States in connection with premium cigars for many decades prior to 1960. From their inception, M&G's MONTECRISTO cigars were considered among the finest premium cigars in the world.

12.    CCB is the successor-in-interest to M&G, having purchased M&G's U.S. rights in the MONTECRISTO trademark and trade dress in 1976.

13.    Upon information and belief, CCB's predecessors-in-interest used the MONTECRISTO trademark and trade dress in the U.S. continuously until some time after the Castro government nationalized the Cuban cigar industry in 1960, following the Cuban

4

revolution. Upon information and belief, CCB reintroduced the MONTECRISTO brands after M&G successfully litigated with the Cuban government over the ownership of the U.S. rights in the marks. The MONTECRISTO trademark was reintroduced in 1978 and the MONTECRISTO trade dress was reintroduced by 1987.

14.    Since the inception of its use, the MONTECRISTO trademark and trade dress have been used by the Altadis U.S. Group and their predecessors-in-interest only in connection with the finest quality premium cigars and licensed merchandise. Plaintiffs' MONTECRISTO cigars are considered to be among the finest premium cigars available in the United States  They are sold throughout the United States, including in New York and the New York City metropolitan area. Plaintiffs' MONTECRISTO cigars have been extensively advertised, are among the most prestigious cigar brands available in the United States, are highly coveted by cigar aficionados and are used by the media as a symbol of luxury and excellence.

15.    Plaintiff CCB's MONTECRISTO trademarks are used on its MONTECRISTO packaging, in advertisements, on the Internet and in other forums. Prior to Defendant's use of unauthorized imitations of Plaintiff CCB's trademarks, the marks and trade dress were, and continue to be, famous. They are widely recognized by the trade and the public and have built up extensive good will.

16.    The MONTECRISTO trademarks are inherently distinctive to the public and the trade with respect to cigars and alcoholic beverages and serve primarily as designators of origin of CCB's products.

17.    Plaintiffs are actively engaged in the development of MONTECRISTO merchandise, having secured trademarks for such items as cuff links, wallets, bathrobes, desk sets, desk pads, and pens. Copies of CCB's trademark registration certificates are attached to this

Complaint as Exhibits D, E, and F and are incorporated herein by reference.  A CCB licensed MONTECRISTO Visa Card and CCB licensed MONTECRISTO brand headwear and humidors are currently available in the marketplace.  Additionally, CCB licenses MONTECRISTO brand alcoholic beverages.  CCB has also secured U.S. Trademark Registration No. 2,623,858 for the service mark MONTECRISTO for cocktail lounges, bar and restaurants services, and night clubs. A copy of CCB's trademark registration certificate for this mark is attached to this Complaint as Exhibit G and incorporated herein by reference.

      18.    As a result of the widespread use and display of Plaintiff CCB's MONTECRISTO brand cigars: (a) the public and the trade use the MONTECRISTO trademarks to identify and refer to CCB's MONTECRISTO brand cigars; (b) cigars marked with these trademarks are recognized by the trade and the public as high quality premium cigars emanating from a single source; and (c) these trademarks have built up secondary meaning and extensive goodwill.

**The Infringing Trade Name**

      19.    Upon information and belief, Fantinel, an Italian corporation, currently manufactures, promotes, advertises, sells, and distributes a variety of wines using the "Montecristo" designation, including Chardonnay, Pinot Bianco/Grigio, Chardonnay Musque, and Riesling. "Montecristo" wines are generally labeled with the designation "Montecristo" as shown in Exhibit H attached to this Complaint and incorporated herein by reference.

      20.    Upon information and belief, Fantinel imports wines bearing the designation "Montecristo" into the United States through Defendant Parliament.  Upon information and belief, Defendant Parliament distributes these wines within the State of New York and to other regions of the United States.

21.    Through long-term use and controlled marketing, the MONTECRISTO trademarks have become highly distinctive and strongly associated in the United States with cigars of the highest quality emanating from a single source (namely, Plaintiff CCB). Therefore, it is highly likely that distributors, retailers and consumers will assume that a wine called "Montecristo" is associated with the famous MONTECRISTO brand. There is substantial likelihood of confusion because there is no difference whatsoever between the Trade Name employed by Fantinel and Parliament ("Montecristo") and the famous MONTECRISTO trademarks. The use of the "Montecristo" Trade Name in the United States and the distribution of wine bottles in the United States that are labeled with the "Montecristo" Trade Name thus infringes Plaintiffs' MONTECRISTO trademarks and is likely to cause confusion, mistake or deception as to the source of origin of Defendant's products in that the public, the trade, and others are likely to believe that Defendant's products are provided by, sponsored by, approved by, licensed by, affiliated with or in some other way legitimately connected to Plaintiff CCB and its U.S. Distributor, Plaintiff Altadis U.S.A., all to Plaintiffs' irreparable harm.

22.    Neither Plaintiff CCB nor Plaintiff Altadis, U.S.A. has authorized anyone to import, purchase, offer to sell, sell or distribute wine, wine bottles, or related packaging bearing the "Montecristo" Trade Name in the United States.

**The Defendant's Infringing Activity**

23.    Upon information and belief, Defendant has for an extended period of time and does currently import "Montecristo" wines the United States. Upon information and belief, Defendant has sold and distributed and continues to sell and distribute "Montecristo" wines in the State of New York through consumers, retail outlets, as well as the restaurant and food

service industry. A copy of Parliament's webpage advertising Fantinel's "Montecristo" wine is attached to this Complaint as Exhibit I and incorporated herein by reference.

24.    Defendant's use of the designation "Montecristo" infringes Plaintiff CCB's MONTECRISTO trademarks and is likely to cause confusion, mistake or deception as to the source of origin of "Montecristo" wines. Because the designation is exactly similar, visually, phonetically, and in all other ways, to Plaintiffs' trademark MONTECRISTO, members of the public, the trade and others are likely to believe that Defendant's "Montecristo" wines are provided by, sponsored by, approved by, licensed by, affiliated with or in some other way legitimately connected to the manufacturer of MONTECRISTO brand cigars and the licensor of numerous MONTECRISTO products including alcoholic beverages. The likelihood of confusion is further supported by the complimentary relationship of tobacco and alcohol products by virtue of the fact that the two are often consumed together.

25.    Upon information and belief, Defendant has recklessly, willfully and/or intentionally violated Plaintiffs' trademark rights with the deliberate intention of trading on the valuable goodwill and reputation established in the MONTECRISTO trademarks.

26.    In or about 1984, Plaintiff CCB opposed and succeeded in causing the abandonment of a trademark application filed by Imported Wines Limited, a United Kingdom Company, in connection with its importation of wines into the United States under the mark "Monte Cristo." A true and correct copy of a printout from the United States Patent and Trademark Office website evidencing that application Serial No. 73/366,508 was abandoned is attached to this Complaint as Exhibit J and incorporated herein by reference. Plaintiffs continue, and will continue, to oppose any and all attempts by third parties to register trademarks infringing Plaintiff CCB's famous MONTECRISTO trademarks.

8

27.    Defendant's continued use of the "Montecristo" Trade Name, as alleged, is likely to dilute the distinctiveness of Plaintiff CCB's MONTECRISTO trademarks thus hampering efforts by Plaintiffs to continue to protect the outstanding reputation of their MONTECRISTO premium cigars, resulting in loss of sales of genuine MONTECRISTO products and thwarting Plaintiffs' considerable efforts and expenditures to promote their genuine products and to license the MONTECRISTO trademarks, all to Plaintiffs' irreparable harm.

## FIRST CLAIM FOR RELIEF
(Direct and Contributory Infringement of Federally Registered Trademarks)

28.    This is a claim by Plaintiffs for direct and contributory infringement of federally registered trademarks arising under Section 32 of the Lanham Act, 15 U.S.C. §1114.  Plaintiffs reallege and incorporate by reference the allegations recited in paragraphs 1 through 27 of this Complaint as if fully incorporated herein.

29.    Defendant's activities, as alleged, constitute direct and/or contributory infringement of Plaintiff CCB's federally registered MONTECRISTO trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114, all to the substantial and irreparable injury of the public and of CCB's business reputation and goodwill.

30.    By such wrongful acts, Defendant has caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff CCB and to the goodwill associated with their registered marks, including diversion of customers from them, lost sales and lost profits, and Defendant will be unjustly enriched.  CCB has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
(Trademark Infringement and
False Designation of Origin)

31.     This is a claim by Plaintiffs for trademark infringement and false designation of

origin arising under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).  Plaintiffs reallege

and incorporate by reference the allegations recited in paragraphs 1 through 27 and 29 through

30 of this Complaint as if fully set forth herein.

32.     Defendant's activities, as alleged, constitute infringement and/or contributory

infringement of Plaintiff CCB's MONTECRISTO trademarks and direct and contributory false

designation of origin; false representation and false description, all to the substantial and

irreparable injury of the public and of Plaintiffs' business reputations and goodwill.

33.     By such wrongful acts, Defendant has caused and, unless restrained by the Court,

will continue to cause serious irreparable injury and damage to Plaintiffs and to the goodwill

associated with Plaintiffs' trademarks, including diversion of customers from Plaintiffs, lost sales

and lost profits, and Defendant will be unjustly enriched.  Plaintiffs have no adequate remedy at

law.

## THIRD CLAIM FOR RELIEF
(Federal Trademark Dilution)

34.     This is a claim for dilution of Plaintiff CCB's trademarks arising under Section

43(c) of the Lanham Act, 15 U.S.C. §1125(c).  Plaintiffs reallege and incorporate by reference

the allegations recited in paragraphs 1 through 27, 29 through 30, and 32 through 33 of this

Complaint as if fully set forth herein.

35.    Upon information and belief, Plaintiff CCB's MONTECRISTO trademark is famous and had become famous prior to Defendant's first use of the unauthorized Trade Name "Montecristo."

36.    Upon information and belief, Defendant's unauthorized use of imitations of the MONTECRISTO trademark diluted Plaintiff CCB's MONTECRISTO trademark by tarnishing, blurring, weakening and/or diluting the distinctive quality of said trademark.

37    Upon information and belief, Defendant's dilution of the famous MONTECRISTO trademark has been reckless and/or willful.

38.    By such wrongful acts, Defendant has caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiffs and to the goodwill associated with the MONTECRISTO trademark, including dilution of the mark, diversion of customers from Plaintiffs, lost sales and lost profits, and Defendant will be unjustly enriched Plaintiffs have no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
(Unlawful Importation)

39.    This is a claim for injunctive relief against importation of merchandise that copies or simulates a registered trademark arising under Section 42 of the Lanham Act, 15 U.S.C. §1124. Plaintiffs reallege and incorporate by reference the allegations recited in paragraphs 1 through 27, 29 through 30, 32 through 33, and 35 through 38 of this Complaint as if fully set forth herein.

40.    Defendant's wine, "Montecristo," copies or simulates Plaintiff CCB's registered MONTECRISTO trademark.

11

41. Upon information and belief, unless restrained by the Court, Defendant will continue to import and/or cause, contribute to, aid and/or abet the importation of "Montecristo" wines causing serious irreparable injury and damage to Plaintiff CCB and to the goodwill associated with Plaintiffs' trademarks, including diversion of customers from Plaintiffs, lost sales and lost profits, and Defendant will continue to be unjustly enriched. Plaintiffs have no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
(Trademark Dilution Under New York Law)

42. This is a claim for dilution of Plaintiff CCB's trademarks arising under New York General Business Law § 360-l. Plaintiffs reallege and incorporate the allegations recited in paragraphs 1 through 27, 29 through 30, 32 through 33, 35 through 38, and 40 through 41 of this Complaint as if fully set forth herein.

43. Defendant's unauthorized use of the "Montecristo" Trade Name is likely to cause injury to Plaintiffs' business reputation and/or to blur, weaken or dilute the value and/or distinctive quality of the MONTECRISTO trademarks.

### SIXTH CLAIM FOR RELIEF
(Common Law Unfair Competition
and Trademark Infringement)

44. This is a claim for unfair competition and trademark infringement arising under the common law of the State of New York. Plaintiffs reallege and incorporate the allegations recited in paragraphs 1 through 27, 29 through 30, 32 through 33, 35 through 38, 40 through 41, and 43 of this Complaint as if fully set forth herein.

45.    Defendant's use of the "Montecristo" Trade Name constitutes unfair competition and infringement of Plaintiffs' MONTECRISTO trademarks, all to the substantial and irreparable injury of the public and of Plaintiffs' business reputation and goodwill.

46.    Upon information and belief, by such wrongful acts, unless restrained by the Court, Defendant will cause serious irreparable injury and damage to Plaintiffs and to the goodwill associated with the MONTECRISTO trademarks, including diversion of customers from Plaintiffs, lost sales and lost profits.

WHEREFORE, Plaintiffs pray:

1.    That an injunction issue restraining Defendant, their agents, servants, employees, successors and assigns and all others in concert and privity with them from:

(a)    Using in any manner, including in advertising and promotional materials, the designation "Montecristo" and any variants thereof;

(b)    Importing, attempting to import, promoting, offering to sell, selling or distributing any wine or wine packaging labeled with the designation "Montecristo," or any variants thereof;

(c)    Using in any manner any designation, name or trademark that is confusingly similar to Plaintiff CCB's MONTECRISTO trademarks;

(d)    Doing any other acts which are intended to or will be likely to deceive consumers or the trade into falsely believing that there is an affiliation or relationship between Plaintiffs and Defendant or between Plaintiffs and any goods or services other than their genuine goods and services;

2.    That Defendant be required to cancel all advertising that includes the designation "Montecristo," or any variants thereof;

13

3.    That Defendant be required to recall all wines and wine bottles which they distributed or sold in packaging that includes the designation "Montecristo," or any variants thereof, and turn them over to Plaintiffs for destruction;

4    That Defendant be required to deliver to Plaintiffs for destruction all wines, other merchandise, labels, packaging, boxes, cartons, advertising, brochures, plates, molds, documents and other promotional materials and other things possessed, used or distributed or available for sale by Defendant, or on their behalf, which refer to or relate to the designation "Montecristo," or any variants thereof;

5.    That Defendant be required to account to Plaintiffs for Defendant's profits and the actual damages suffered by Plaintiffs as a result of Defendant's acts of infringement, false designation of origin, trademark dilution and unfair competition;

6.    That Plaintiffs' recoveries be trebled and prejudgment interest be awarded, pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117); and

7.    That Defendant be compelled to pay Plaintiffs' attorneys' fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117); and

8.    That Plaintiffs obtain such other and further relief as this Court may deem appropriate.

14

Dated: New York, New York
        November 24, 2004

Respectfully submitted,

GRIMES & BATTERSBY, LLP

By:

Charles W. Grimes, Esq. (CG 9899)
Edmund J. Ferdinand, III, Esq. (EF 9885)
Russell D. Dize, Esq. (RD 4000)
The Chrysler Building
405 Lexington Avenue, 26th Floor
New York, NY 10174
(917) 368-8115

Attorneys for Plaintiffs
Altadis U.S.A., Inc. and Cuban Cigar
Brands, N.V.

15