Case 7:04-cv-09306-CM   Document 7   Filed 04/21/05   Page 1 of 4        McMahon, J. RR



RECEIVED APR 19 2005 CHAMBERS OF COLLEEN McMAHON

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

ALTADIS U.S.A. INC., a Delaware corporation, :
and CUBAN CIGAR BRANDS, N.V.,
a corporation of the Netherlands Antilles, :

              Plaintiffs, :   Index No: 04 CV 9306 (CM)(ECF)

             -against- :

PARLIAMENT IMPORT COMPANY, d/b/a :   **PERMANENT INJUNCTION AND FINAL JUDGMENT ON CONSENT**
PARLIAMENT WINE COMPANY, a
New Jersey corporation, :

             Defendant. :

-----------------------------------------------------------X

    WHEREAS, Plaintiff Cuban Cigar Brands, N.V. ("CCB") is the owner of numerous trademarks on the Principal Register of the United States Patent and Trademark Office, including Trademark Registration Nos. 1,173,547; 2,594,564; 2,396,980; 2,623,858 for the MONTECRISTO trademark; Trademark Registration Nos. 2,236,889 and 2,304,416 for the MONTE CRISTO trademark; and Trademark Registration No., 332,324 for the trademark MONTE CRISTO and Crossed-Sword Design trademark (hereinafter collectively the "MONTECRISTO Trademarks"). Copies of the registrations for the MONTECRISTO Trademarks are annexed hereto as Exhibit A; and

    WHEREAS, CCB has granted an exclusive license to Plaintiff Altadis U.S.A. to use the MONTECRISTO Trademarks in connection with the sale of MONTECRISTO branded cigars, alcoholic beverages and licensed merchandise in the United States; and

    WHEREAS, on November 24, 2004, Altadis U.S.A. and CCB filed a complaint against Parliament Import Company, d/b/a Parliament Wine Company ("PIC") alleging claims of

-1-

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

trademark infringement, false designation of origin, dilution, unlawful importation, unfair competition, injury to business and reputation and false and deceptive business practices relating to PIC's unauthorized use of certain of the MONTECRISTO Trademarks on wine (the "Offending Wine"); and

WHEREAS, PIC is no longer an active corporation and has sold all of its assets, inventory and orders in progress, which included the Offending Wine, to Admiral Wine & Liquor Co. d/b/a Parliament Wine Company, a New Jersey corporation having its principal place of business at 630 S. 21st Street, Irvington, New Jersey 07111 ("Parliament"); and

WHEREAS, Altadis U.S.A., CCB and Parliament respectfully request that the caption be amended as follows; *Altadis U.S.A. Inc. and Cuban Cigar Brands, N.V. v. Admiral Wine & Liquor Co. d/b/a Parliament Wine Company* to reflect the proper corporate entity and named defendant in the action; and

WHEREAS, Parliament represents that it has 900 cases of the Offending Wine in its possession, custody and control (the "Remaining Inventory"); and

WHEREAS, Altadis U.S.A., CCB and Parliament have been afforded the opportunity to consult with, and having consulted with, attorneys of their own choice in connection with the execution of this Permanent Injunction and Final Judgment on Consent, and having relied upon the advice of such attorneys in executing this Permanent Injunction and Final Judgment on Consent, and having entered into a Settlement Agreement (the "Agreement") dated April 15, 2005, providing, *inter alia*, for the entry of this Permanent Injunction and Final Judgment on Consent; and

WHEREAS, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over defendant Parliament and venue in this action being proper in this judicial district;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that

1. The caption in this action is hereby amended as follows: <u>*Altadis U.S.A. Inc. and Cuban Cigar Brands, N.V. v. Admiral Wine & Liquor Co. d/b/a Parliament Wine Company*</u> to reflect the proper corporate entity and named defendant.

2. Defendant Parliament, its agents, servants, employees, successors and assigns, and all persons in active concert with it may sell off or dispose of the Remaining Inventory until December 1, 2005.

3. Other than as permitted in paragraph 2 hereof, Defendant Parliament, its agents, servants, employees, successors and assigns, and all persons in active concert with it, are hereby:

    (a) Permanently enjoined from infringing Plaintiffs' MONTECRISTO Trademarks;

    (b) Permanently enjoined from directly or indirectly importing, using, selling or re-selling, publishing, displaying or distributing in the United States or causing, aiding, abetting or contributing to the importation, use, sale or resale, publication, display or distribution in the United States of any wines or wine products bearing the MONTECRISTO Trademarks; and

    (c) Permanently enjoined from diluting Plaintiff CCB's MONTECRISTO Trademarks.

4. This Court shall retain jurisdiction of this action for the purposes of overseeing and enforcing Defendant Parliament's compliance with this Permanent Injunction and Final Judgment on Consent.

5. Each party to this Permanent Injunction and Final Judgment on Consent shall bear its own costs and attorneys' fees in this action.

6. This Permanent Injunction and Final Judgment on Consent shall operate as the final judgment of this action.

_____
Charles W. Grimes, Esq. (CG 0899)
Edmund J. Ferdinand, III, Esq. (EF 9885)
Russell D. Dize, Esq. (RD 4000)
GRIMES & BATTERSBY, LLP
The Chrysler Building
405 Lexington Avenue, 26th Floor
New York, NY 10174
(917) 368-8115

Attorneys for Plaintiffs, Altadis U.S.A. Inc. and Cuban Cigar Brands, N.V.

_____
Stephen L. Baker (SB 1859)
Neil B. Friedman (NB 0591)
BAKER and RANNELLS, PA
626 N. Thompson Street
Raritan, NJ 08869
(908) 722-5640

Attorneys for Defendant Admiral Wine & Liquor Co. d/b/a Parliament Wine Company

SO ORDERED.

_____
Hon. Colleen McMahon
U.S. District Judge

April 20, 2005
_____
Date

White Plains, NY